USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3 17 09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VENTURA ASSOCIATES, INC.,

      Plaintiff,

    - against -

INTERNATIONAL OUTSOURCING
SERVICES, INC.,

      Defendant.

**OPINION AND ORDER**

04 Civ. 5962 (PKL)
04 Civ. 10250 (PKL)

## Appearances

CLAUSEN MILLER, P.C.
Danielle Sullivan Kaminski, Esq.
One Chase Manhattan Plaza
New York, New York 10005

Attorneys for Plaintiff

COSTELLO, SHEA & GAFFNEY LLP
Steven E. Garry, Esq.
44 Wall Street
New York, New York 10005

Attorneys for Defendant

**LEISURE, District Judge:**

This case involves an alleged breach of contract arising from defendant's failure to distribute promotional debit cards. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

Plaintiff, Ventura Associates, Inc. ("Ventura") moves in limine, pursuant to Federal Rules of Evidence 401, 402, 403, 411 and the collateral source rule, to preclude defendant International Outsourcing Services, Inc. ("IOS"), any witness called on IOS's behalf, and IOS's attorneys of record from introducing at trial any evidence or making any reference, whatsoever, concerning (i) Ventura's deductible and/or payment issued by its insurer in connection with IOS's alleged failure to distribute the promotional debit cards, and (ii) Ventura's insurer's status as a party in interest.  For the reasons set forth below, plaintiff's motion is GRANTED.

**BACKGROUND**

Ventura is engaged in the administration of sweepstakes, games, and contests for its clients.  In October 2001, Ventura contracted with Masterfoods USA ("Masterfoods") to design and operate an instant-win game for Whiskas Cat Food, a product made by Masterfoods's subsidiary, Kal Kan Foods, Inc.  To that end, Ventura set up a sweepstakes in which the second prize was a $25 debit card for the purchase of gasoline at selected gas stations

(the "gas cards").  Masterfoods purchased 5,000 of these gas cards for $138,170.00.  The parties agree that, thereafter, Ventura orally instructed IOS to distribute the gas cards to sweepstakes winners after September 9, 2002.

One year later, IOS informed Ventura that gas cards related to the Whiskas Cat Food sweepstakes remained in storage with IOS.  On September 15, 2003, Ventura informed Masterfoods that its promotion had not been fulfilled.  In response, Masterfoods sought reimbursement from Ventura for $131,787.30, the prorated amount Masterfoods paid for the remaining 4,863 cards.  Masterfoods was ultimately reimbursed in full, receiving partial payment from Ventura's insurer and partial payment from Ventura.

Ventura notified IOS that IOS was liable for the loss, but IOS refused to pay Ventura, claiming it received instructions from a Ventura employee that the gas cards were defective.  Ventura denies instructing IOS to halt distribution of the cards or knowing that the gas cards were defective.  In this action, Ventura seeks damages from IOS in the full amount paid to Masterfoods for the gas cards that were not distributed.

DISCUSSION

## I.    Motions in Limine and Federal Rules of Evidence

A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions in limine.  See Luce v. United States, 469 U.S. 38, 41 n.4 (1984).

2

Indeed, "[t]he purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996) (internal quotation marks omitted); see also Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc., No. 01 Civ. 3796, 2005 WL 1026515, at *3, 2005 U.S. Dist. LEXIS 7902, at *9 (S.D.N.Y. May 2, 2005)(Leisure, J.) ("The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence."). "The court's ruling regarding a motion in limine is 'subject to change when the case unfolds.'" Id. at *4, 2005 U.S. Dist. LEXIS 7902, at *11 (quoting Luce, 469 U.S. at 41). Accordingly, this Opinion and Order constitutes a preliminary determination subject to change.

## II.  Applicable Law

### A.   Federal Rules of Evidence 401 through 403

"As a general matter, all relevant evidence is admissible under the Federal Rules of Evidence unless specifically excluded." United States v. Perez, 387 F.3d 201, 209 (2d Cir. 2004) (citing Fed. R. Evid. 402). Evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be

3

without the evidence" is relevant. Fed. R. Evid. 401.  Since the "standard of relevance established by the Federal Rules of Evidence is not high[,]" United States v. Southland Corp., 760 F.2d 1366, 1375 (2d Cir. 1985) (Friendly, J.), "[protection against undue liberality in the admission of evidence . . . is furnished by Rule 403." United States v. Mangan, 575 F.2d 32, 45 (2d Cir. 1978).  Rule 403 provides for the exclusion of relevant evidence if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403; see United States v. Beech-Nut Nutrition Corp., 871 F.2d 1181, 1193 (2d Cir. 1989) (citing Fed. R. Evid. 403); United States v. Carter, 801 F.2d 78, 83 (2d Cir. 1986) (same). "Administration of both [Rules 401 and 403] is left primarily to the sound discretion of the trial judge." Mangan, 575 F.2d at 45.

B.   Federal Rule of Evidence 411

Under Rule 411, evidence of whether a party was insured against liability is inadmissible only on the issue of whether the person acted negligently or otherwise wrongfully. Fed. R. Evid. 411.  The rule does not require exclusion of evidence of insurance if offered for another purpose. Id.

4

C.    Collateral Source Rule

"The collateral source rule is a substantive rule of law that bars the reduction of an award by funds or benefits received from collateral or independent sources." King v. City of New York, 06 Civ. 6516, 2007 WL 1711769, at *1 (S.D.N.Y. June 13, 2007); see Ocean Ships, Inc. v. Stiles, 315 F.3d 111, 116 (2d Cir. 2002); Hugo Boss Fashions, Inc. v. Fed. Ins. Co., 252 F.3d 608, 623 n.15 (2d Cir. 2001) (quoting Ideal Mut. Ins. Co. v. Korean Reinsurance Corp., 657 F. Supp. 1174, 1175 (S.D.N.Y. 1987) ("The collateral source doctrine holds that, as a general rule, a plaintiff may recover damages that include amounts for which the plaintiff has already been compensated through sources wholly independent of and collateral to the wrongdoer.")).  As an exception to the collateral source rule, New York excludes payments or services provided gratuitously to an injured plaintiff from plaintiff's recoverable damages. Ideal, 657 F. Supp. at 1175-76.  "However, this exception is strictly construed, . . . and has been found not to apply where the relationship between a plaintiff and the party making payments on the plaintiff's behalf is 'strictly commercial.'" Hugo Boss Fashions, Inc. v. Fed. Ins. Co., 98 Civ. 6454, 1999 WL 1072819, at *2 (S.D.N.Y. Nov. 29, 1999) (citing Ideal, 657 at F. Supp. at 1176).

**III. Application**

Plaintiff asserts that any reference at trial to plaintiff's insurance, or that one of the parties in interest is an insurance company, is (1) irrelevant, (2) its probative value is substantially outweighed by the danger of unfair prejudice to plaintiff and a confusion of the issues, and (3) is improper under the collateral source rule. (Pl.'s Mot. 2.)  Defendant claims that, in order to contest the basis for plaintiff's damage claim, it must be permitted to discuss the "central role played by plaintiff's insurer in establishing those damages" and to question the reasonableness of Ventura's and its insurer's joint payment of $131,787.30 to Masterfoods. (Def.'s Opp'n 1, 4.)  Based on the parties' submissions, the Court rules that the evidence is inadmissible.

    A.   Relevancy

The first issue is whether evidence of insurance or the existence of an insurer as a party in interest is probative of plaintiff's burden on damages, and therefore relevant to the determination of this action.  In New York, plaintiff must show that its damages are "reasonably certain." Tractebel Energy Mktg, Inc. v. AEP Power Mktg, Inc., 487 F.3d 89, 110 (2d Cir. 2007). "'Certainty,' as it pertains to general damages, refers to the *fact* of damage not the amount." Id.  The Court finds that IOS misconstrues plaintiff's burden on damages because IOS focuses on

6

whether Ventura can establish that the *amount* of its damages is reasonable.  The Court has already said as much in its decision denying IOS's motion for summary judgment. See Ventura Assocs. v. Int'l Outsourcing Servs., 04 Civ. 5962, 2008 U.S. Dist. LEXIS 39006, at *17-18 (S.D.N.Y. May 14, 2008) (Leisure, J.) ("Under New York law, while a plaintiff must prove the existence of damages with certainty in order to recover for breach of contract, plaintiff need not prove the amount of loss with certainty."). Moreover, IOS's failure to (i) depose any witnesses from Ventura's insurer, (ii) identify in the Joint Pre-Trial Order any employees of Ventura's insurer that IOS intends to call as a witness at trial or any documents prepared by Ventura's insurer to introduce as evidence at trial, and (iii) address this issue in Defendant's Trial Memorandum of Law (see Pl.'s Reply 3) belies its contention that scrutinizing Ventura's insurer's central role in establishing damages is "at the heart of" its defense on damages. (See Def.'s Opp'n 1, 4.) Therefore, the introduction at trial of any testimony, disclosure, or evidence relating to insurance, insurance coverage, or payments made by plaintiff's insurer will not tend to make the existence of any fact at issue more or less probable. See Fed. R. Evid. 401.

    B.   Prejudice

    Even if such evidence were relevant, its probative value would be substantially outweighed by the danger of unfair

prejudice. See Beech-Nut, 871 F.2d at 1193; Carter, 801 F.2d at 83.  In this case, Ventura's insurance coverage is not germane to the issue of whether or not IOS's alleged breach caused Ventura damages.  In essence, IOS would have the Court conduct a separate trial against plaintiff's insurance company, a non-party to this action.  The Court agrees with plaintiff (see Pl.'s Mot. 3, 4) that introducing this evidence could improperly influence the jury's verdict on damages, will cause jury confusion, and will extend this trial beyond what is necessary to resolve the issues of liability and damages. Cf. Media Sport & Arts s.r.l. v. Kinney Shoe Corp., 95 Civ. 3901, 1999 U.S. Dist. LEXIS 16035, at *16 (S.D.N.Y. Oct. 18, 1999) (Leisure, J.) (excluding evidence that would confuse jury into excusing defendant from liability).

    C.   Collateral Source Rule

Ventura also contends that the collateral source rule bars mention at trial that plaintiff's insurer indemnified plaintiff for a portion of the amount of claimed damages. (Pl.'s Mot. 4-5.) The Court reiterates that the collateral source rule applies, see Ventura Assocs., Inc. v. Int'l Outsourcing Servs., Inc., No. 04 Civ. 5962, 2005 U.S. Dist. LEXIS 13991, at *20-21 (S.D.N.Y. July 12, 2005) (Leisure, J.), and thus bars evidence of plaintiff's insurance coverage.  To the extent that IOS contends that such evidence falls within the rule's exception for gratuitous payments, the Court disagrees, as the relationship between

8

plaintiff and its insurer is strictly commercial. See Ideal, 657 at F. Supp. at 1176.  In addition, the argument IOS advances in its opposition — that Ventura is not entitled to the amount of claimed damages — is a repackaging of arguments raised in both its motion to dismiss and its motion for summary judgment.  This Court already ruled that Ventura has "adequately shown the existence of damages should a jury determine that IOS breached its obligation to distribute the debit cards," Ventura, 2008 U.S. Dist. LEXIS 39006, at *20, and that Ventura's potential recovery is not limited by the fact that its insurance company paid a portion of the damages Ventura now claims. See Ventura, 2005 U.S. Dist. LEXIS 13991, at *21 ("The fact that Ventura chose to minimize its financial risk through insurance cannot serve to benefit IOS by reducing its potential liability to Ventura.").  IOS has already had two bites at the apple, and this third bite is equally fruitless.  However, by excluding evidence of insurance coverage, or that an insurance company is a party in interest, this ruling in no way forecloses IOS's defense at trial that Ventura is not entitled to recoup the full value of the unused cards by arguing that Ventura was not contractually obligated to reimburse Masterfoods or that nonusage of some of the cards was an anticipated loss.

D.   Rule 411

Finally, the Court notes that although IOS does not seek to introduce evidence of insurance payments for the purpose of establishing liability or otherwise wrongful behavior, as prohibited by Rule 411, there is no other admissible purpose for offering the evidence, as explained above.

### CONCLUSION

The Court GRANTS Ventura's motion to preclude IOS, any witness called on IOS's behalf, or IOS's attorneys of record from mentioning or introducing at trial any testimony, disclosure, or evidence concerning Ventura's (i) insurance coverage, (ii) insurance payments, or (iii) insurer's status as a party in interest.  The foregoing hereby constitutes the decisions of the Court on all currently pending motions in limine in this action.  The parties are to appear for trial on March 30, 2009 at 9:30 a.m.

**SO ORDERED.**

New York, New York
March **16**, 2009

_____
U.S.D.J.

10